## WATTS v. RAILROAD RETIREMENT BOARD.

### Civil Action No. 808.

District Court, E. D. Louisiana, New Orleans Division.

Aug. 31, 1944.

W. Harold Cox, of Jackson, Miss., for plaintiff.

Joseph H. Freehill, Gen. Counsel, Railroad Retirement Board, of Chicago, Ill. (Alfred H. Meyers, Atty., Railroad Retirement Board, of Chicago, Ill., of counsel), for defendant.

BORAH, District Judge.

This is an action brought under Section 11 of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a et seq., to review a decision of the Railroad Retirement Board. Plaintiff seeks to annul a decision of the Board, dated March 18, 1943, wherein the Board found that the plaintiff was not eligible to receive a full annuity since he was not totally and permanently disabled for regular employment for hire within the meaning of Section 228b(a)3 of the Act; and he prays that this decision be set aside and that the court order and direct the Board to award the plaintiff a full annuity from April 11, 1940.

Upon the filing of the complaint service was duly made upon the United States and the Board and in due course the defendant served its answer. At this juncture of the case the plaintiff and defendant have each filed a motion for summary judgment in its favor. Attached to each of the motions is a transcript of the proceedings before the Railroad Retirement Board. The transcript accompanying plain-

tiff's motion covers matters arising subsequent to the date when the Board rendered its decision and is objectionable to that extent: in all other respects the transcripts are the same.

The basic facts in this case are undisputed. The sole issue between the plaintiff and defendant is as to the legal effect of the facts contained in the record before the Board, each party claiming that on these facts he is entitled to a summary judgment as a matter of law.

Section 228b(a)3 of the Act provides that "Individuals, without regard to age, who on or after the enactment date are totally and permanently disabled for regular employment for hire and shall have completed thirty years of service" shall be eligible for full annuities.

It is admitted that plaintiff has completed thirty years of service but whether or not he was totally and permanently disabled within the meaning of the act involves a question of fact the determination of which was by the Act entrusted to the informed judgment and discretion of the Board, and its decision, if supported by substantial evidence, will not be set aside by the court.

It is charged that the Board arbitrarily disregarded the undisputed facts entitling plaintiff to a full annuity; that the Board misconceived the intent and meaning of the phrase "totally and permanently disabled for regular employment for hire", and erroneously applied such mistaken conception of the law to the facts, resulting in the decision erroneously denying to plaintiff the full benefits provided by the Act. It therefore becomes the duty of the court to examine carefully the complete transcript of proceedings before the Board to ascertain whether such averments have factual support.

On April 15, 1940, after having completed more than thirty years of railroad service, plaintiff, then sixty-one years of age, filed an application for an annuity under the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a et seq., claiming total and permanent disability because of chronic arthritis involving his knees, and obesity. The Division of Retirement Claims obtained plaintiff's medical history from his last employer which showed that plaintiff was in January 1938 qualified to continue in the service and that his weight was 305 pounds. At the instance of the Board plain-

tiff was examined at the Veterans' Administration Facility, Jackson, Mississippi, and a complete report of that examination was furnished to the Board. The Veterans' Facility made the following diagnoses:

"Absence acquired, teeth, several,
Caries, dental,
Obesity,
Arthritis, chronic, knees"

The report states in part that plaintiff was six feet four and one quarter inches tall; that his greatest weight during the preceding year was 335 pounds; that his general appearance was very good; that he was well developed muscularly; that his carriage was very good; that his posture was erect; and that his gait was normal. With respect to the complaint of weakness and stiffness in the left knee "the examination reveals moderate crepitation in each knee joint and complaint of increased pain on flexion and extension of knees. Flexion of the left knee is slightly restricted. It is about 90% of normal. There is no atrophy or swelling. The circumference of each knee is 20 inches." The report further states that plaintiff is not bedridden and that he is able to travel. This evidence, together with the evidence submitted by the plaintiff was considered by the Disability Rating Board, an expert unit consisting of two doctors and a lawyer and it was found that plaintiff was not totally and permanently disabled so as to be entitled to the annuity sought.

Plaintiff appealed to the Appeals Council, another division of the Board, testified in his own behalf and presented written statements from two doctors and two coworkers. Plaintiff told the Council that it was painful for him to stand and if he stood for five minutes his left knee would swell and then lock when he first started to walk. Dr. Werkheiser stated in substance that plaintiff consulted him in April, 1940, complaining of pain in his knee; that he was then overweight and as the treatment failed to produce any improvement in his knee he was advised to make application for his pension on the basis of disability. Dr. Barksdale made no diagnosis and simply stated that he concurred in Dr. Werkheiser's advice to the plaintiff. Plaintiff's fellow-employees described the difficulty that plaintiff experienced at times in carrying on his work. The Appeals Council reached a decision precisely like that given by the Board of Retirement Claims. In its decision it pointed out that plaintiff was appar-

ently eligible to receive a reduced annuity in accordance with section 2(a)2(a) of the Act, 45 U.S.C.A. § 228b(a)2(a).

An appeal was then taken to the entire Board. In connection with his appeal plaintiff submitted a statement from Dr. Atwood reading as follows: "This is to certify that on Tuesday, May 26, 1942, I have examined Vanderbilt Watts, and find him overweight and suffering with chronic arthritis, with involvement of right arm, and left leg (knee). To my mind Vanderbilt Watts is totally and permanently disabled for regular employment, for hire." Since the doctor's diagnoses were not accompanied by a detailed report of the underlying facts, plaintiff was afforded the opportunity to submit any further detailed medical evidence which he wished to furnish prior to final determination of his appeal. Agreeably to this suggestion, plaintiff forwarded on the form provided by the Board for that purpose a report of an examination of him on November 3, 1942, by Dr. Redmond. In his report Dr. Redmond stated that plaintiff weighed 333 pounds and was of fair general appearance, seemingly well nourished, and having unusually good muscular development. His carriage and posture were described as fair and his gait as being "a little wobbly." However, the doctor expressly stated there were no abnormal orthopedic conditions and he did not record any evidence of active inflammation, edema, deformity, ankylosis, crepitus or any degree of limitation of motion, as called for on the report form submitted, and his report is devoid of the underlying findings upon which he based his diagnosis of arthritis, neuritis and some muscular rheumatism. Upon consideration of all the medical evidence and testimony of record, the Board unanimously found that the plaintiff was not totally and permanently disabled for regular employment for hire within the meaning of section 228b(a)3 of the Railroad Retirement Act of 1937; and therefore was not entitled to a full annuity on such basis. In its decision the Board pointed out that the plaintiff might be eligible for a reduced annuity under section 228b(a)2(a) of the Act, and further that the plaintiff would be eligible to receive full annuity under section 228b(a)1 of the Act beginning with the month in which he would thereafter attain age sixty-five.

■ There is not the slightest suggestion in this 106 page record that the Board's decision was arbitrary or capricious. On the contrary the Board was most indulgent in affording plaintiff every facility and opportunity to establish whatever rights he had and there can be no doubt that it reached its decision only after a careful and exhaustive consideration of all the evidence.

■ There is warrant in the record for the judgment of the Board and its decision must stand.

Accordingly, the defendant's motion for summary judgment is granted, and the proceeding is dismissed.